[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} Defendant-appellant Thomas Jones appeals from the trial court's adjudication of him as a sexual predator after a classification hearing in September 2002. In 1986, Jones had been convicted after pleading guilty to three counts of rape in violation of R.C. 2907.02. Jones was sentenced to five to twenty-five year's incarceration on each count, to be served concurrently.
 {¶ 3} A sexual-predator adjudication is remedial in nature.[1]
Before Jones could be adjudicated a sexual predator, the state was required to prove by clear and convincing evidence that Jones had pleaded guilty to, or had been found guilty of, a sexually-oriented offense, and that he was likely to engage in the future in one or more sexually-oriented offenses.[2] Clear and convincing evidence is that measure of proof that produces a firm belief as to the allegations sought to be established.[3]
 {¶ 4} Here, Jones had been convicted of rape, a sexually-oriented offense.[4] Thus, the issue for the trial court to determine was whether Jones was likely to commit another sexually-oriented offense in the future.
 {¶ 5} The Ohio Supreme Court has laid out the standards for a trial court to follow when conducting a sexual-offender-classification hearing.[5] First, the court should provide a record that relates to the issue of whether the offender is likely to recidivate; second, the court should allow the presentation of appropriate expert opinion; and, third, the court should consider the ten factors listed in R.C.2950.09(B)(3).[6]
 {¶ 6} The trial court satisfied these requirements in this case. The court noted that Jones was 24 years old at the time of the offense and that two victims were eight and nine years of age. Jones molested the victims, who were his kin, for a period of at least two years. He engaged in anal intercourse and fellatio with both victims and verbally threatened one of the victims. The court noted that in 1991 Jones was placed on probation, but his probation was summarily revoked when he forced his wife to engage in anal intercourse with him without her consent. Jones admitted to being sexually attracted to young men and had to fight the "urge" not to reoffend. Jones also admitted to having had a sexual relationship with an inmate. The court considered the psychologist's opinion, which diagnosed Jones as a pedophile but left the judgment of whether Jones should be classified as a sexual predator to the trial court. The record supports the court's factual findings.
 {¶ 7} While Jones had completed the Magellan sex offender program and was placed in a "medium-low" risk category of sexual reoffending, the evidence in the record was sufficient to produce a firm belief or conviction that Jones was likely to commit another sexual offense. Consequently, clear and convincing evidence supported the trial court's judgment that Jones is a sexual predator. We, therefore, overrule his assignment of error.
The judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Doan and Painter, JJ.
[1] See State v. Cook, 83 Ohio St.3d 404, 417, 1998-Ohio-291,700 N.E.2d 570.
[2] See R.C. 2950.01(E)(1) and 2950.09(B)(4).
[3] See State v. Hunter (2001), 144 Ohio App.3d 116, 121,759 N.E.2d 809.
[4] See R.C. 2950.01(D)(1)(a).
[5] See State v Eppinger, 91 Ohio St.3d 158, 2001-Ohio-247,743 N.E.2d 881.
[6] See id. at 166; State v. Hunter, supra at 122-123. As a result of the legislature's amendment of R.C. 2950.09(B)(2), as discussed in Statev. Eppinger and State v. Hunter, the ten factors are currently found in R.C. 2950.09(B)(3). The current version of the statute provides no material changes relevant to this case.